UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | No. 2:08-cv-01470-MCE-DAD |
| Plaintiff, | |
| AHMED ELSHENAWY | <u>MEMORANDUM AND ORDER</u> |
| Plaintiff-Intervenor, | |
| v. | |
| SIERRA PACIFIC INDUSTRIES, | |
| Defendant. | |

The instant litigation arises from a public enforcement action filed by the U.S. Equal Employment Opportunity Commission ("EEOC" or "Plaintiff") against Sierra Pacific Industries ("Defendant"). Presently before the Court is Plaintiff's Motion for Summary Adjudication pursuant to Federal Rule of Civil Procedure 56(c) seeking to dismiss as legally insufficient Defendant's Fifth and Ninth Affirmative Defenses. For the reasons set forth below, Plaintiff's Motion will be granted.

1

## BACKGROUND

Defendant hired Ahmed Elshenawy ("Plaintiff-Intervenor"), an Egyptian male, on July 28, 2000 to work at its Red Bluff, California Millwork Division.  Plaintiff-Intervenor's employment was terminated by Defendant on April 9, 2004 for allegedly violating Defendant's "no tolerance" sexual harassment policy. (Bond Decl. ¶¶ 2-6)

Plaintiff-Intervenor contends that, beginning on September 11, 2001 and at least until the termination of his employment, Defendant engaged in employment practices proscribed by §§ 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§ 2000e(2)(a)(I) and 2000e(3)(a).  (Intervenor Compl. ¶ 10) Plaintiff-Intervenor alleges that Defendant subjected him to harassment which included daily epithets regarding his national origin.  (Id.)  Plaintiff-Intervenor goes on to contend that he was discharged because of his complaints about that ongoing workplace harassment.  (Id.)

Following his termination, Plaintiff-Intervenor filed a complaint with the EEOC against Defendant which alleged discrimination, harassment, and retaliation because of his national origin.  (Intervenor Compl. ¶ 7)  On April 6, 2006, after having reviewed all of the evidence obtained during investigation, the EEOC concluded that Plaintiff-Intervenor was subject to harassment, suspension, and discharge due to his national origin.  (Id. ¶ 8)

///
///

The EEOC subsequently commenced this litigation pursuant to Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, believing that Defendant's actions were committed "intentionally" and "with malice or with reckless indifference to the federally protected rights of the Charging party." (Id. ¶¶ 9, 10)  Plaintiff-Intervenor filed a Motion to Intervene on December 1, 2008, which this Court granted on December 8, 2009. (ECF No. 19)

In its Answer to Plaintiff's Complaint filed on July 28, 2008, Defendant argues that all causes of action are barred by the applicable statute of limitations as well as California's "at-will" employment provisions codified in California Labor Code § 2922. (Answer, 2:27-28; 3:14-16)  Plaintiff filed the present Motion on August 4, 2010 seeking dismissal, by way of summary adjudication, of those affirmative defenses pled on Defendant's behalf.  In its Motion, Plaintiff contends that the defenses are legally insufficient.[1]  Plaintiff contends that neither state nor federal statutes of limitations restrict the time within which the EEOC may bring suit. (Pl.'s P. & A., 3:17-18; 4:16-18) Additionally, Plaintiff takes issue with Defendant's affirmative defense invoking California's "at will" labor provisions. Specifically, Plaintiff asserts that Defendant may not raise an "at will" defense to a Title VII discriminatory termination. (Pl.'s P. & A., 5:15-17)

---

[1] Although opposition to the instant motion has been filed (ECF No. 60), Defendant does not attack Plaintiff's Motion on the merits.  Rather, Defendant agrees that the affirmative defenses may be dismissed with respect to Plaintiff, but argues that they must remain intact regarding Plaintiff-Intervenor.  The latter issue is not raised by the instant motion.

**STANDARD**

The Federal Rules of Civil Procedure provide for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

Rule 56 also allows a court to grant summary adjudication on part of a claim or defense. See Fed. R. Civ. P. 56(a) ("A party seeking to recover upon a claim...may...move...for a summary judgment in the party's favor upon all or any part thereof."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995); France Stone Co., Inc. v. Charter Township of Monroe, 790 F. Supp. 707, 710 (E.D. Mich. 1992).

The standard that applies to a motion for summary adjudication is the same as that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a), 56(c); Mora v. ChemTronics, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. at 323 (quoting Rule 56(c)).

1    If the moving party meets its initial responsibility, the
2 burden then shifts to the opposing party to establish that a
3 genuine issue as to any material fact actually does exist.
4 Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,
5 585-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S.
6 253, 288-89 (1968).

7    In attempting to establish the existence of this factual
8 dispute, the opposing party must tender evidence of specific
9 facts in the form of affidavits, and/or admissible discovery
10 material, in support of its contention that the dispute exists.
11 Fed. R. Civ. P. 56(e).  The opposing party must demonstrate that
12 the fact in contention is material, i.e., a fact that might
13 affect the outcome of the suit under the governing law, and that
14 the dispute is genuine, i.e., the evidence is such that a
15 reasonable jury could return a verdict for the nonmoving party.
16 Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52
17 (1986); Owens v. Local No. 169, Assoc. of Western Pulp and Paper
18 Workers, 971 F.2d 347, 355 (9th Cir. 1987).  Stated another way,
19 "before the evidence is left to the jury, there is a preliminary
20 question for the judge, not whether there is literally no
21 evidence, but whether there is any upon which a jury could
22 properly proceed to find a verdict for the party producing it,
23 upon whom the onus of proof is imposed."  Anderson, 477 U.S. at
24 251 (quoting Improvement Co. v. Munson, 14 Wall. 442, 448, 20 L.
25 Ed. 867 (1872)).
26 ///
27 ///
28 ///

5

1  As the Supreme Court explained, "[w]hen the moving party has
2  carried its burden under Rule 56(c), its opponent must do more
3  than simply show that there is some metaphysical doubt as to the
4  material facts....Where the record taken as a whole could not
5  lead a rational trier of fact to find for the nonmoving party,
6  there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at
7  586-87.

8      In resolving a summary judgment motion, the evidence of the
9  opposing party is to be believed, and all reasonable inferences
10 that may be drawn from the facts placed before the court must be
11 drawn in favor of the opposing party. Anderson, 477 U.S. at 255.
12 Nevertheless, inferences are not drawn out of the air, and it is
13 the opposing party's obligation to produce a factual predicate
14 from which the inference may be drawn. Richards v. Nielsen
15 Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985),
16 aff'd, 810 F.2d 898 (9th Cir. 1987).

**DISCUSSION**

**A.   Statute of Limitations**

21     The Equal Opportunity Employment Act of 1972, Pub. L. No.
22 92-261, 86 Stat. 103 (codified as amended in various sections of
23 42 U.S.C.), does not contain a statute of limitations provision.
24 See Occidental Life Ins. Co. v. EEOC, 432 U.S. 355, 360-61
25 (1977). Ordinarily, when a statute of limitations period is
26 absent from federal legislation, federal courts are required to
27 use the most analogous state statute. See, e.g., Daviton v.
28 Columbia/HCA Healthcare Corp., 241 F.3d 1131 (9th Cir. 2001).

However, the Supreme Court has refused to apply state statute of limitations periods to Title VII employment discrimination actions brought by the EEOC. Occidental, 432 U.S. at 367.

In Occidental, the Supreme Court reasoned that applying state statutes would frustrate federal policy and Congressional intent. The Court rested this conclusion on two determinations: (1) federal law required the EEOC to investigate and attempt to resolve claims administratively before bringing suit; and (2) the EEOC already faced a tremendous backlog of cases when Congress extended the coverage of Title VII authorizing the EEOC to bring public enforcement actions in federal court. S.E.C. v. Rind, 991 F.2d 1486, 1492 (9th Cir. 1993). Where Congress did articulate a concern for time lines, the time limitations it identified pertain directly to the filing of the initial charge with the EEOC and the prompt notification of the alleged violator--not the period within which a suit must be brought. Occidental, 432 U.S. at 372. Moreover, with respect to a federal time limitation, the Occidental Court concluded that the Act's internal time provision, § 707(f)(1), "imposes no limitation upon the power of the EEOC to file a suit in a federal court." 432 U.S. at 366.

In the instant case, Defendant, through its Answer, adopts the position that applicable statute of limitations prohibits the current action brought by the EEOC. (Answer, 2:27-28) Decisions directly on point from the Supreme Court and Ninth Circuit Court of Appeals reach the exact opposite conclusion. State statutes of limitations are not applied to the EEOC causes of action and such actions are not subject to federal time restrictions.

///

A review of pertinent appellate court decisions and their application to the facts of the instant case establishes that Plaintiff's suit is not time-barred.

Accordingly, Plaintiff's request for summary adjudication as to Defendant's Fifth Affirmative Defense will be granted.

**B.   California's "At Will" Employment Provisions**

Employment relationships in California are ordinarily "at will," meaning that an employer may discharge an employee for any reason. Freund v. Nycomed Amersham, 347 F.3d 752, 758 (9th Cir. 2003). California law has carved out an exception to this rule, and provides for a "tort cause of action for wrongful terminations that violate public policy." Id. The public policy must be: "(1) delineated in either constitutional or statutory provisions; (2) 'public' in the sense that it 'inures to the benefit of the public' rather than serving merely the interests of the individual; (3) well established at the time of discharge; and (4) substantial and fundamental." Id. (quoting City of Moorpark v. Superior Court, 18 Cal. 4th 1143, 1159 (1998)).

In the instant case, Plaintiff brings a civil suit for the alleged retaliatory firing of Plaintiff-Intervenor. The Ninth Circuit has recognized a public policy against retaliatory firings, Id., a conclusion also continually held by California appellate courts. Id. (citing Taylor v. Lockheed Martin Corp., 78 Cal. App. 4th 101, 107-10 (2000)). Therefore, Defendant's "at will" defense is not permitted in this case, as the Plaintiff alleges a discriminatory firing.

8

Case 2:08-cv-01470-KJN Document 87 Filed 09/08/10 Page 9 of 9

Id.; see also E.E.O.C. v. California Psychiatric Transitions, Inc., 2010 WL 2754358 at *16 (E.D. Cal. July 9, 2010) (holding "at-will employment is not a defense to a termination for discriminatory reasons.")

Accordingly, Plaintiff's request for summary adjudication as to Defendant's Ninth Affirmative Defense will also be granted.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Adjudication (ECF No. 59) is GRANTED. Defendant's Fifth and Ninth Affirmative Defenses are dismissed with respect to the EEOC.[2]

IT IS SO ORDERED.

Dated: September 7, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument was not determined to be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Local Rule 230(g).

9