UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

AHMED ELSHENAWY,

    Plaintiff-Intervenor,

    v.

SIERRA PACIFIC INDUSTRIES,

    Defendant.

No. 2:08-cv-01470-MCE-DAD

**ORDER**

----oo0oo----

    Presently before the Court is Plaintiff's Motion to Exclude the testimony of Defendant's designated human resources expert, Paul Finkle. Plaintiff contends that Finkle's conclusions improperly invades the province of the jury, rely on improper methodology, and lack any basis in specialized knowledge that would assist the jury in considering the issues presented by this case. Plaintiff cites the Court's function as gatekeeper with respect to admissibility in that regard. See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993).

1    The Court is unpersuaded by Plaintiff's claim that
2 Mr. Finkle's expected testimony is by nature so unreliable that
3 it runs afoul of Daubert standards.  Finkle's credentials show
4 that he has extensive experience in the human resources and
5 management counseling going back more than thirty years.  On the
6 basis of that experience, he is qualified to opine whether
7 Defendant's management acted within the appropriate standard of
8 care in acting upon, and responding to, complaints of disparate
9 treatment and/or harassment.  Finkle can further testify as to
10 the adequacy of Defendant's policies and procedures in those
11 areas.  That testimony may well assist the jury in reaching the
12 ultimate conclusion in this matter: whether or not Defendant is
13 liable for any discrimination, retaliation and/or harassment that
14 Elshenawy may have endured.
15    Consequently, Plaintiff's Motion to Exclude Finkle's
16 testimony in its entirety must necessarily fail.  To the extent
17 that Plaintiff claims that the basis for Finkle's opinions are
18 incomplete and/or erroneous, those contentions can adequately be
19 addressed through vigorous cross-examination, and the jury can
20 decide what weight, if any, to accord Finkle's testimony.  With
21 respect to the scope of Finkle's testimony, however, Plaintiff
22 correctly points out that Finkle cannot offer direct testimony
23 with regard to the ultimate legal conclusions that the jury must
24 decide: whether or not Elshenawy suffered disparate treatment,
25 whether or not retaliation against Elshenawy for engaging in
26 protected activities took place, and whether or not a hostile
27 work environment may have existed.
28 ///

1 The Court agrees that testimony to that effect by Finkle would
2 impermissibly usurp the jury's role in deciding this case. The
3 Court will monitor Finkle's testimony during the course of trial
4 to ensure that this does not occur. In accordance with the
5 provisions of Federal Rule of Evidence 408(a), which protects
6 "conduct or statement made in compromise negotiations", the Court
7 will further ensure that Finkle does not offer testimony
8 predicated on the content of any mediation statement submitted by
9 Plaintiff in connection with attempting to settle this matter.
10 Imposing a blanket prohibition on Finkle's testimony altogether,
11 however, as Plaintiff advocates through this Motion, is not
12 indicated. Plaintiff's Motion to Exclude Finkle's testimony (ECF
13 No. 58) is accordingly DENIED,[1] but Finkle's testimony at trial
14 will be subject to the conditions enumerated above.[2]

   IT IS SO ORDERED.

Dated: October 4, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument was not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

[2] The Court notes that Plaintiff has also levied procedural objections to Mr. Finkle's report in accordance with the requirements of Federal Rule of Civil Procedure 26(e). To the extent that Mr. Finkle may not have signed his original report in this case, Plaintiff does not dispute that they failed to bring this shortcoming to Defendant's attention prior to the filing of this Motion. Any defect in that regard is non-material and can be readily cured; Plaintiff's objection is therefore overruled. The remainder of Plaintiff's Rule 26(e) objections are similarly rejected.